Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 12, 2013, which, among other things, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.
Claimant, a medical biller for a diagnostic imaging practice, learned that the employer was closing the office located 15 minutes from her house and moving the practice to another location that involved a longer commute. Consequently, claimant *1331 informed the employer that she was not going to work in the new office because she would not drive on expressways or highways, and it would take too long to drive to work on the local roads. The Unemployment Insurance Appeal Board concluded, among other things, that claimant left her employment without good cause while continuing work was available.
In our view, substantial evidence supports the Board’s ruling that claimant voluntarily left her employment under disqualifying circumstances (see Matter of Roth [Commissioner of Labor], 108 AD3d 906, 907 [2013]). Notably, while claimant testified that driving on highways caused her to experience panic attacks, she indicated that she did not seek any medical treatment for this condition and provided no supporting medical documentation at the hearing (see id. at 907). Thus, we find no basis to disturb the Board’s ruling. Lastly, “inasmuch as there is substantial evidence supporting the Board’s finding that claimant falsely represented that [s]he was separated from [her] employment because of a lack of work, we find no basis to reverse the finding that [s]he made a willful misrepresentation to obtain benefits” (Matter of Georgatos [Commissioner of Labor], 100 AD3d 1130, 1131 [2012]).
Peters, EJ., Lahtinen, Rose and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.